### ROSA CHALLENOR

*v.*

### PATRICK MULLIGAN.

*Filed at Mt. Vernon September 27, 1884.*

1. PRACTICE—*time in which to procure a return to a writ of error.* The statute has prescribed no time within which a return to a writ of error shall be made by the clerk of the court to whom it is directed. The practice in that regard is regulated alone by the rules or practice of the court from which the writ issues.

2. SAME—*effect of neglect to have record sent up.* Under a rule of the Appellate Court requiring a plaintiff in error or appellant to file abstracts and briefs on or before the second day of the term unless the time is extended, and that on failure to do so the judgment or decree of the court below shall be affirmed, on a writ of error to the circuit court, when no return to the writ had been returned by the clerk by sending up the record at the second term of the Appellate Court, though service had been made on the defendant in error before the first term, an order of continuance at the second term of the Appellate Court was set aside and the decree below affirmed, without any rule having first been taken to bring up the record: *Held,* no error in affirming the decree complained of.

3. ERROR—*presumption in favor of action of lower court.* Where the Appellate Court affirms a decree sought to be reversed on writ of error, on the ground of a neglect of the plaintiff in error to have a transcript of the record sent up at the second term after service of the *scire facias,* unless it is made to appear to this court that the Appellate Court has thereby violated some rule of practice, it will be presumed that court has acted properly, and its judgment will be affirmed.

4. APPELLATE COURT—*power to prescribe rules of practice.* By section 10 of the act creating the Appellate Courts, that court is required to conform to the practice of this court so far as regulated by the statute, so far as it is applicable to that court; but in other respects that court may prescribe and construe its own rules and regulate its own practice.

5. SAME—*rule of practice held good.* The twenty-sixth rule of the Appellate Court for the Fourth District provides that the plaintiff in error or appellee must file abstracts and briefs on or before the second day of the term unless the time shall be extended, and that on failure to do so the judgment or decree of the court below shall be affirmed: *Held,* that there being no statute governing in this respect, that court had the power to prescribe such rule, and might affirm for a failure to have a transcript of the record filed before the second term after the writ of error was issued.

WRIT OF ERROR to the Appellate Court for the Fourth District.

Mr. WM. C. KUEFFNER, for the plaintiff in error:

This was a proceeding commenced in the Appellate Court, to review, on writ of error, a decree in chancery that had been rendered by the circuit court of St. Clair county. The writ of *scire facias* had been duly served on the defendant, but the writ of error had never been served, and no transcript of the record had ever been filed in the Appellate Court. At the August term, 1882, the cause was at first "continued for service." This order was subsequently, at the same term, set aside, "and the judgment of the court below was affirmed." This was error. At most, the writ might have been dismissed. Where, in case of a writ of error, no transcript has been filed, the proper order is a rule to file the transcript. The cause should be remanded to the Appellate Court for further proceedings. *Strong* v. *Allen,* 40 Ill. 43.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that there had been a proceeding in the St. Clair circuit court, in which plaintiff in error was complainant, and Mulligan was defendant. On a hearing, a decree was rendered against complainant. She thereupon sued out a writ

of error from the Appellate Court for the Fourth District, and also a *scire facias* to defendant in error, to hear errors, which was duly served on the 16th of February, 1882, and it was returned. There was, however, no return by the clerk of the circuit court to the writ of error. At the February term, 1882, the cause was continued. At the August term the cause was continued for a return to the writ of error, but at a future day in the same term, on motion of defendant in error, the order of continuance was vacated, and the decree was affirmed, as no record, abstracts or briefs had been filed, as required by the rules of the court. The record is brought to this court, and it is urged that the Appellate Court erred in setting aside the order of continuance at the August term, 1882, and in affirming the decree of the circuit court.

It is urged that the Appellate Court might have dismissed the writ, but had no power to affirm the decree. The statute has prescribed no time within which a return to the writ shall be made by the clerk to whom it is directed. The practice in that regard is regulated alone by the rules or practice of the court from which the writ issues. The suit was pending in the Appellate Court, and that court was invested with jurisdiction of the person of defendant by service, and of the subject matter by the statute. In this case the practice was regulated by the twenty-sixth rule of that court. It provides that the plaintiff in error or appellant must file abstracts and briefs on or before the second day of the term unless the time shall be extended, and on failure to do so the judgment or decree of the court below will be affirmed on the call of the docket. Even in the absence of such a rule, the court having complete jurisdiction of the parties and subject matter, we are not prepared to hold that it was error to affirm the decree of the circuit court on such a default or failure to prosecute the suit. Plaintiff in error had failed for two terms to assign error, and had taken no rule on the clerk to make return to the writ of error, nor taken any other steps, so far as the

record discloses, to obtain and file the record. The rule, however, by implication prescribed the time within which the record must be filed. It prescribed the time for filing abstracts and briefs, which presupposes that the record shall be on file at that time, and prescribes the affirmance of the judgment for a failure to comply with the rule. The court having the power, we will presume it was properly exercised, and the affirmance was under the power. Plaintiff in error has not shown that the affirmance of the decree was in violation of any rule of practice. Unless that is shown, the presumption is in favor of the regularity of the order. Nothing being shown against the regularity of this order, we must affirm it.

It is, however, urged, that under the case of *Strong* v. *Allen*, 40 Ill. 43, defendant in error should have taken a rule on plaintiff in error to file the record, before he could dismiss the writ. It will be observed that in that case the motion was entered at the return term, whilst in this case the motion was made at the second term. In this there is a broad difference in the cases,—so broad as to be material. Again, the order was entered under and in conformity with the rule of that court. It had the power to adopt the rule, although it may have differed from the practice of this court. So far as the practice of this court is prescribed by statute, it, under section 10 of the act creating that court, must conform to such practice, so far as applicable; but in other respects that court may prescribe and construe its own rules and regulate its own practice. This practice is not prescribed by statute or regulated by law, hence there was no error in entering the order complained of by plaintiff in error.

Perceiving no error in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*